UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN BERNARD BROOKS, | CASE NO. 1:03-CV-6106-AWI-SMS-P |
| Plaintiff, | ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION FOR A STAY |
| v. | |
| RAYMOND ANDREWS, et al., | (Doc. 87, 88) |
| Defendants. | ORDER REQUIRING PLAINTIFF TO FILE A RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| | (Doc. 82) |
| / | |

Plaintiff Steven Bernard Brooks ("plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On June 14, 2005, plaintiff filed a motion for the appointment of counsel and a motion seeking to stay this action until the motion for counsel is ruled upon. Defendants did not file responses to either motion.

The court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious

and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Terrell, 935 F.2d at 1017.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed June 14, 2005, is DENIED, without prejudice;

2. Plaintiff's motion for a stay is DENIED as moot;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a response to defendants Harvey, Erlewine, and Haro's motion for summary judgment filed on June 2, 2005; and

4. Plaintiff's failure to file a response to defendants' motion for summary judgment will result in dismissal of this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

**Dated:    July 13, 2005**                     **/s/ Sandra M. Snyder**
i0d3h8                                          UNITED STATES MAGISTRATE JUDGE