1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

9
10
11
12
13
14

| | |
|---|---|
| **STEVEN BERNARD BROOKS,** ) | **CV F 03-6106 AWI SMS P** |
| ) | |
| **Plaintiff,** ) | **ORDER DENYING MOTION FOR** |
| ) | **RECONSIDERATION** |
| **v.** ) | |
| ) | |
| **RAYMOND ANDREWS, et al.,** ) | (Document #116) |
| ) | |
| **Defendants** ) | |
| ) | |
| _____ ) | |

15

16

## BACKGROUND

17   Plaintiff Steven Bernard Brooks ("Plaintiff") is a federal prisoner proceeding pro se and

18   in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of</u>

19   <u>Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides for recovery of money

20   damages against federal actors.  This action is proceeding on Plaintiff's amended complaint, filed

21   on April 22, 2004, which included claims for a violation of the Eighth Amendment, a violation of

22   the Equal Protection Clause, intentional infliction of emotional distress, and negligence per se.

23   On February 17, 2006, the court dismissed Defendant GEO with prejudice for failure to

24   state a claim upon which relief may be granted; granted Defendants' motion to dismiss

25   Defendants Calabrese and Kroger from this action for lack of personal jurisdiction; granted

26   Defendants' motion for summary adjudication on Plaintiff's Eighth Amendment claim against

27   Defendants Andrews, Rinson, and Johnson; granted Defendants' motion for summary

28   adjudication on Plaintiff's state law tort claims against Defendant GEO; and gave Defendants

1  forty-five days in which to file a motion for summary judgment on Plaintiff's remaining equal

2  protection claim.

3      On March 23, 2006, Plaintiff filed a motion for reconsideration.   Plaintiff contends that

4  the court erred by granting summary judgment on Plaintiff's Eighth Amendment claim because

5  conducting an easier and less efficacious treatment plan establishes deliberate indifference.

6  Plaintiff also contends the court erred by dismissed Defendants Calabrese and Kroger for lack of

7  jurisdiction.

8                                  **LEGAL STANDARD**

9      Plaintiff seeks reconsideration under Rule 54(b) of the Federal Rule of Civil Procedure,

10  which allows courts to revise "any order or other form of decision, however designated, which

11  adjudicates fewer than all the claims or the right and liabilities of fewer than all the parties . . .

12  before the entry of judgment . . . ."   The court also has the inherent common-law authority "to

13  rescind an interlocutory order over which it has jurisdiction." Los Angeles v. Santa Monica

14  Baykeeper, 254 F.3d 882, 887 (9th Cir. 2001).

15      The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d

16  1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992).

17  Motions for reconsideration are disfavored, however, and are not the place for parties to make

18  new arguments not raised in their original briefs.   Northwest Acceptance Corp. v. Lynnwood

19  Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988).  Nor is reconsideration to be used to ask the

20  court to rethink what it has already thought.   United States v. Rezzonico, 32 F.Supp.2d 1112,

21  1116 (D.Ariz.1998).  "A party seeking reconsideration must show more than a disagreement with

22  the Court's decision, and recapitulation of the cases and arguments considered by the court before

23  rendering its original decision fails to carry the moving party's burden."   U.S. v. Westlands

24  Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider are committed

25  to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.

26  1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must

27

28                                          2

set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665

(E.D.Cal. 1986).

When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show

the "new or different facts or circumstances claimed to exist which did not exist or were not

shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

Here, Plaintiff has failed to make a showing that any grounds exist for reconsideration.

Plaintiff does not provide new facts or law in support of his motion.   Rather, Plaintiff contends

that the court erred in its prior order by misapplying the law when the court granted summary

judgment on the Eighth Amendment claim and finding the court did not have jurisdiction over

Defendants Calabrese and Kroger.

**A.  Eighth Amendment**

On summary judgment Defendants provided evidence that teeth extraction was necessary

to ensure that Plaintiff had a 100% chance of recovery and extraction was a perfectly acceptable

course of treatment for a person with such a poor prognosis as Plaintiff.   Defendants provided

evidence that the alternate treatments requested by Plaintiff, such as a root canal or apioectomy,

had limited chances of success.   The court granted summary judgment because Plaintiff had not

submitted evidence showing that the course of treatment chosen was medically unacceptable.

The court reasoned that, as a lay witness, Plaintiff is not qualified to opine that a root canal and

an apioectomy are the only medically appropriate treatments for his teeth and that extractions are

medically unacceptable under the circumstances.

In his motion for summary judgment, Plaintiff contends that he did present evidence that

a root canal and apioectomy were better treatments.   In both the amended complaint and

Plaintiff's declaration in support of his opposition, Plaintiff provided evidence that Dr. Lui had

told him that his teeth could be saved by a root canal and apioectomy and in Dr. Lui's medical

1   opinion a root canal and apioectomy would "be the best and most appropriate course of

2   treatment."   Thus, Plaintiff concludes he did present evidence creating a disputed issue of fact on

3   whether a root canal and apioectomy were warranted.

4       Deliberate indifference to serious medical needs violates the Eighth Amendment's

5   proscription against cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97 (1976).   A

6   "serious medical need" exists if the failure to treat a prisoner's condition could result in further

7   significant injury or the "unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974

8   F.2d 1050, 1059 (9th Cir.1992), *overruled in part on other grounds by* WMX Technologies, Inc.

9   v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).   A prison official is "deliberately

10  indifferent" if he or she knows that a prisoner faces a substantial risk of serious harm and

11  disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S.

12  825, 837 (1994).   In order to prevail on a claim involving choices between alternative courses of

13  treatment, a prisoner-plaintiff must show that the course of treatment the doctors chose was

14  medically unacceptable under the circumstances and that they chose this course in conscious

15  disregard of an excessive risk to plaintiff's health.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th

16  Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

17      Plaintiff's evidence, assuming it is admissible as an admission, regarding Dr. Lui's

18  statement only provides evidence that a root canal and apioectomy would have been "be the best

19  and most appropriate course of treatment."   Only deliberate indifference is actionable for a

20  failure to provide medical care in the prison context.   Plaintiff has set forth no evidence showing

21  a genuine issue for trial on a claim that the treatment decision Defendants made was medically

22  unacceptable under the circumstances and that Defendants made them in conscious disregard of

23  an excessive risk to Plaintiff's health. See Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332.

24  The Eighth Amendment does not require prisoners to receive the "best and most appropriate

25  course of treatment."

26      Plaintiff's reliance on Williams v. Vincent, 508 F.2d 541 (2d Cir.1974), and related cases

27

28                                          4

1   for the proposition that easier and less efficacious treatments violate the Eighth Amendment is

2   misplaced.   In Williams, the Second Circuit found that deliberate indifference may be found

3   when a doctor chose the easier and less efficacious treatment of throwing away the prisoner's ear

4   and stitching the stump rather than attempting to reattach it.   Id. at 544.   This case differs from

5   Plaintiff's case because the excessive risk to inmate health was obvious by the choice of a easier

6   treatment.   In this case, it is not obvious that not performing a root canal and apioectomy and

7   performing an extraction was an excessive risk to Plaintiff's health.   Plaintiff has provided no

8   evidence from medical personal that performing an extraction instead of a root canal and

9   apioectomy would have posed on excessive risk to Plaintiff's health.   Evidence that these

10  treatments may have been "be the best and most appropriate course of treatment" simply is not

11  sufficient absent evidence that choosing extraction over root canal and apioectomy was medically

12  unacceptable under the circumstances and created an excessive risk to Plaintiff's health.

13      Chance v. Armstrong, 143 F.3d 698 (2nd Cir. 1998) also does not assist Plaintiff.   In

14  Chance, the issue was whether the complaint stated a claim.   The plaintiff alleged that the

15  defendants had recommended an unnecessary course of treatment, and that other dentists had

16  recommended less invasive procedures that would have saved his teeth.   The plaintiff also

17  alleged the defendants recommended tooth extraction because of monetary incentives.   The

18  Second Circuit found that this allegation of ulterior motives, if proven true, would show that the

19  defendants "had a culpable state of mind and that their choice of treatment was intentionally

20  wrong and did not derive from sound medical judgment."   Id. at 704.   While the Second Circuit

21  concluded that the plaintiff may not be able to prove improper motive on summary judgment,

22  dismissal for failure to state a claim was not appropriate.   Id.

23      Unlike Chance, this action is no longer at the pleading stage, when all allegations are

24  taken as true.   At this time, Plaintiff must come forward with evidence, disputing Defendants'

25  evidence, that the treatment plan was done to save money, not as a result of medical judgment,

26  and in deliberate indifference to Plaintiff's serious medical needs.   Evidence that a root canal

27

28                                                      5

1  and apioectomy were the  "best and most appropriate course of treatment" is not sufficient

2  evidence in light of Defendants' evidence that extraction was medically acceptable under the

3  circumstances.[1]  Thus, Defendants were entitled to summary judgment on plaintiff's deliberate

4  indifference to serious medical needs claim, and reconsideration is not warranted.  See Celotex

5  Corp. v. Cattrett, 477 U.S. 317, 323 (1986).

6  **B. Jurisdiction**

7       Defendants Calabrese and Kroger work and reside in Florida.   Defendant Calabrese is the

8  President and Chief Operating Officer of GEO, and Defendant Kroger is the Vice President of

9  Medical Services for GEO.   Defendant Kroger oversees the medical services provided by GEO,

10  including the drafting and implementation of medical policy and procedures for GEO.  In

11  dismissing Defendants Calabrese and Kroger for lack of jurisdiction, the court found that

12  Plaintiff had made no showing that Defendants Calabrese's and Kroger's conduct approximated

13  any sort of physical presence in California.   The court also found that being employed by a

14  corporation and drafting policies for a corporation which will affect institutions such as that

15  where Plaintiff is currently housed was insufficient to establish that Defendants purposefully

16  availed themselves of the privilege of conducting activities in California.

17       Plaintiffs bear the burden of establishing that the court has personal jurisdiction.  See

18  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-801 (9th Cir. 2004); Mattel, Inc. v.

19  Greiner & Hausser, GmbH, 354 F.3d 857, 862 (9th Cir. 2003).   Defendants Calabrise's and

20  Kroger's mere association with a corporation that caused injury in California is not sufficient in

21  itself to permit that forum to assert jurisdiction over the person.  See Davis v. Metro Prods., Inc.,

22  885 F.2d 515, 520 (9th Cir.1989).   Plaintiff correctly contends that corporate officers may be held

23  liable if the officers are personally responsible for wrongdoing in the forum.  Id. at 520-21.

24  _____

25       [1] To the extent it is possible the Second Circuit has set forth a different test from the
    Ninth Circuit, this court is bound by Ninth Circuit law.  In the Ninth Circuit, a prisoner must
26  show that the course of treatment chosen by the defendants was medically unacceptable under the
    circumstances and that they chose this course of treatment in conscious disregard of an excessive
27  risk to plaintiff's health.   Toguchi, 391 F.3d at 1058; Jackson, 90 F.3d at 332.

28                                          6

1   Here, Plaintiff has not shown that the policy allegedly created by Defendants Calabrese and

2   Kroger caused the violation of Plaintiffs' rights.   Because Plaintiff has no evidence a root canal

3   and apioectomy were medically necessary and extraction was unacceptable under the

4   circumstances and prosed an excessive risk to Plaintiff's health, Plaintiff has failed to show that a

5   policy allegedly created by Defendants Calabrese and Kroger resulted in a wrongful act.

6        Accordingly, the court properly dismissed Defendants Calabrese and Kroger from this

7   action, and reconsideration is not warranted.

8                                     **ORDER**

9        Accordingly, the court orders that Plaintiff's motion for reconsideration is DENIED.

10

11  IT IS SO ORDERED.

12  **Dated:    May 29, 2006**                    _____/s/ Anthony W. Ishii_____
     0m8i78                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      7