1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| STEVEN BERNARD BROOKS, | CASE NO. 1:03-cv-06106-LJO-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, WITH PREJUDICE |
| v. | |
| RAYMOND ANDREWS, et al., | (Doc. 137) |
| Defendants. | |

9
10
11
12
13
14

_____/

15   Plaintiff Steven Bernard Brooks ("plaintiff") is a federal prisoner proceeding pro se and in

16  forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal</u>

17  <u>Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides for recovery of money damages against

18  federal actors.  This action was proceeding on plaintiff's amended complaint, filed on April 22,

19  2004.  (Docs. 30, 46.)  On March 5, 2007, the Court adopted the Magistrate Judge's Findings and

20  Recommendation, and granted defendants' motion for summary judgment, thus concluding this

21  action in its entirety.  (Doc. 135.)  On March 22, 2007, plaintiff filed a motion for reconsideration.

22  (Doc. 137.)

23   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

24  district court.  The Rule permits a district court to relieve a party from a final order or judgment on

25  grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse

26  party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ.

27  P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event "not

28  more than one year after the judgment, order, or proceeding was entered or taken."  <u>Id</u>.

1

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.  When filing a motion for reconsideration,  Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff seeks reconsideration of the Court's order on the ground that the Court did not comment specifically on each of his objections the Findings and Recommendation.  Plaintiff's motion is without merit.  Plaintiff is entitled to a de novo review of the record in this action and plaintiff received one.  Such review necessarily included a review of the objections.  Plaintiff is not entitled to line by line discussion of each objection tendered.  The Magistrate Judge's Findings and Recommendation is fully supported by the record.  There is no evidence creating a triable issue of fact with respect to plaintiff's equal protection claim.

Plaintiff's motion for reconsideration, filed March 22, 2007, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   March 26, 2007**                    **/s/ Lawrence J. O'Neill**
b9ed48                                              UNITED STATES DISTRICT JUDGE